DETROIT & MILWAUKEE RAILROAD CO. v. JAMES W. BROWN.

*Notice of Occupancy—Injunction to Restrain Proceedings in Ejectment.*

Occupancy of premises by a railroad in course of construction is constructive notice of the company's rights therein.

A railroad company contracted for certain lands, and under the conditions of the contract proceeded to lay its track across them, receiving at length a deed from the only owner of whose rights it had notice. Meanwhile the same land had been set off by deed of partition to a party who held some unrecorded claim to an undivided interest in the premises, and this party afterwards quit-claimed the land by a deed referring to the company's occupancy. *Held* that an injunction would lie to restrain proceedings in ejectment brought against the company by the holder of the quit-claim.

Appeal from Kent.   Submitted Oct. 18.   Decided Oct. 30.

INJUNCTION to restrain suit in ejectment.   The facts are in the opinion.

*Thomas B. Church* and *G. V. N. Lothrop* for complainant and appellee.   The actual possession of land by a railroad company, and the formal survey and staking out of a line of road upon it, and clearing and grubbing it, constitute the most open notice possible of the company's claims to the premises, *Ellicott v. Pearl,* 10 Pet., 442; *Ewing v. Burnet,* 11 Pet., 52; *Longworthy v. Myers,* 4 Ia., 18.   As to estoppel from "acts, silence, or other conduct," see *Truesdail v. Ward,* 24 Mich., 134, and cases cited; *Niven v. Belknap,* 2 Johns., 573; *Chapman v. Chapman,* 59 Penn. St., 214; *Brooks v. Curtis,* 4 Lans., 283; *Gregg v. Von Phul,* 1 Wall., 274; *Thayer v. Bacon,* 3 Allen, 163; *Lefevre v. Lefevre,* 4 S. & R., 243.

*J. W. & O. C. Ransom* for defendant and appellant. Complainant must show that defendant's grantor had actual notice of its equities before he acquired title, or that there were facts from which actual notice might be inferred,

*Converse v. Blunrich,* 14 Mich., 109. Constructive posses-
sion is not enough to notify a subsequent purchaser of one's
equities in the premises, *Brown v. Volkening,* 64 N. Y., 76;
and merely locating and marking a railroad line cannot
establish constructive notice of an adverse claim in the
company, *Cook v. Travis,* 20 N. Y., 402; *Chesterman v.
Gardner,* 5 Johns. Ch., 29.

CAMPBELL, J. This bill was filed to restrain Brown from
asserting title by action of ejectment for so much of a lot
of land purchased by him in Grand Rapids as is occupied
by the railroad of complainants.

Brown bought by deeds which expressly refer to the
occupancy by the railroad. His purchase is therefore sub-
ject to whatever rights they had.

The case presents no questions of law and depends on a
very simple state of facts.

In 1853 a contract was made in writing whereby Daniel
W. Coit, the owner of several government subdivisions in-
cluding the land in question, agreed with Harvey P. Yale,
who was acting partly for himself and partly as a director
of the Oakland and Ottawa Railroad Company, to sell to
Yale an undivided interest in certain of these lands, one of
the express conditions being that the railroad should pass
through the lands, and a depot be built within certain speci-
fied distances. The railroad was located and the line marked
and cleared, and the place of the depot was fixed. All mat-
ters having been settled the contract was as to the rest car-
ried out by deed to an assignee of Yale in December, 1855.
The previous month a partition deed was made between Coit
and one Curtis (who had some unrecorded claim to an un-
divided interest in the property), and the property covered
by the road was nominally within his share of the division.
He conveyed to Brown in 1871, by warranty as to all but
the railroad land, and by quit-claim as to that.

When Coit and Curtis made the partition deed the road
had been surveyed, marked out, and clearly designated by
clearing and otherwise.

By statutes which are public laws the Oakland and Ottawa

Railroad was authorized to become merged in the Detroit and Milwaukee Railway, whose corporate existence is admitted in the answer as a corporation *de facto* in possession of the property, and its subsequent reorganization is also admitted. No further evidence is needed until the presumption of regularity is overthrown,—even if it could be assailed by strangers collaterally.

As the road was laid out in accordance with Coit's requirement, and its location was one of the chief conditions of [his contract, we do not think there is any ground for claiming that the company was to have no rights without a further purchase.   And as Curtis took his deed with constructive notice of this right, by open and evident occupancy by a road in course of construction, and his grantee took with plainer notice and actual knowledge of the occupancy, the title of Brown cannot prevail, and the bill is well founded.

The decree must be affirmed with costs.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.